UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLYN M. STEIN,<br>   Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil No. 3:23-CV-30100-KAR |
| | )<br>) |
| DENIS R. MCDONOUGH, Secretary<br>U.S. DEPARTMENT OF VETERAN<br>AFFAIRS,<br>   Defendant. | )<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO AMEND HER COMPLAINT
(Dkt. No. 20)

ROBERTSON, U.S.M.J.

Presently before the court is a motion by the plaintiff Kathlyn Stein ("Plaintiff") for leave to file an amended complaint against the defendant Denis R. McDonough, Secretary U.S. Department of Veteran Affairs ("Defendant") adding claims under the Equal Pay Act and the Rehabilitation Act (Dkt. No. 20). The parties have consented to this court's jurisdiction (Dkt. No. 19). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, Plaintiff's motion for leave to file an amended complaint is DENIED as to her Equal Pay Act claim and GRANTED as to her Rehabilitation Act claim. Plaintiff is directed to file an amended complaint adding her Rehabilitation Act claim within 14 days of this Order.

  I.  RELATED PROCEDURAL BACKGROUND

In December of 2018, Plaintiff filed a complaint initiating a separate action in this court also arising out of her employment as a physician's assistant for the U.S. Department of Veterans Affairs ("the VA") (*Stein v. Duane B. Gill*, D. Mass. Civil Action No. 18-cv-30201-MGM, Dkt.

1

1).  Plaintiff alleged that the defendant, John Collins, then-Director of the VA Central Western Massachusetts Healthcare System, acting in both his individual and official capacities, violated the Equal Pay Act ("EPA"), 29 U.S.C. § 206 *et seq.*, and the Massachusetts Act to Establish Pay Equity ("MEPA") by paying her less than male employees who held "essentially the same job" (*id.*, Dkt. No. 1 at ¶ 2).  Plaintiff identified two male nurse practitioners as comparators and sought to recover $167,671 in unpaid wages for the years 2016, 2017, and 2018 (*id.*, Dkt. No. 1 at ¶¶ 10-15).  On motion by the government, the court dismissed Plaintiff's MEPA claims with prejudice in the absence of a waiver of sovereign immunity by the United States, Plaintiff's personal capacity EPA claim without prejudice for failure to state a claim, and Plaintiff's official-capacity EPA claim for lack of subject-matter jurisdiction (*id.*, Dkt. No. 34).  As to the official-capacity EPA claim, the court agreed with the government that, while the EPA includes a waiver of sovereign immunity that allows suits for damages against the United States, it does not confer the power to hear such suits upon district courts.  Instead, jurisdiction to hear a claim against the United States under the monetary damages provision of the Fair Labor Standards Act ("FLSA"), in which the EPA is codified, is established in the Tucker Act, which grants the Court of Federal Claims ("CFC") exclusive jurisdiction to decide claims against the government brought by plaintiffs seeking more than $10,000 in damages where a forum has not otherwise been designated (*id.*, Dkt. No. 34 at pp. 4-7).

     Plaintiff appealed the court's order of dismissal, and the First Circuit summarily affirmed as to all counts (*id.*, Dkt. No. 68).  However, when Plaintiff sought rehearing as to her official-capacity EPA claim, the government informed the First Circuit that it was now of the view that district courts do have subject-matter jurisdiction over such claims (*id.*, Dkt. No. 68 at p. 2).  This mid-appeal change in position was precipitated by the government being notified by the

United States Court of Appeals for the Federal Circuit ("the Federal Circuit") that it was taking a position in the case before it that was inconsistent with the government's position in Plaintiff's case. (id., Dkt. No. 93 at p. 5). Specifically, in an appeal of *Metzinger v. U.S. Dep't of Veterans Affs.*, No. 19-10614, 2020 WL 13562907 (E.D. La. May 4, 2020), another EPA case brought against the VA for more than $10,000 that had been transferred to the CFC on jurisdictional grounds, the government changed its position before its brief on appeal was due and agreed with the *Metzinger* plaintiff that the district court had jurisdiction all along, making transfer improper (*id*.). Following the about-face, the First Circuit vacated its judgment as to Plaintiff's official-capacity EPA claim and issued an order of remand, indicating that the district court "may determine in the first instance whether there is subject-matter jurisdiction to hear [Plaintiff's] official-capacity EPA claim and may consider the Government's updated position on the issue when doing so" (*id*., Dkt. No. 68 at p .2). The First Circuit declined to express an opinion as to "the appropriate outcome on remand, including as to any implicated jurisdictional issue or the merits" (*id*.).

On remand, the government again sought dismissal of Plaintiff's official-capacity EPA claim but this time only under Fed. R. Civ. P. 12(b)(6) for failure to state a claim; it did not renew its subject-matter jurisdiction challenge to Plaintiff's claim (*id*., Dkt. Nos. 70-71). Nevertheless, the court, noting its independent obligation to assess subject matter jurisdiction, again found that it lacked the power to hear the claim based on the reasoning of the Federal Circuit in *Abbey v. United States*, 745 F.3d 1363 (Fed. Cir. 2014), on which it had previously relied and which that court had recently reaffirmed in the appeal discussed above notwithstanding the government's newfound position. *See Metzinger v. Dep't of Veterans Aff.*,

3

20 F.4th 778 (Fed. Cir. 2021).[1]  The court initially dismissed Plaintiff's remaining claim and closed her case, but upon motion by Plaintiff to alter or amend the judgment, it ordered the case reopened and transferred to the CFC (*Stein v. Duane B. Gill*, D. Mass. Civil Action No. 18-30201-MGM, Dkt. Nos. 80-81).  Thereafter, Plaintiff filed a second motion to alter or amend the judgment, which stayed the court's transfer order, but the court denied Plaintiff's motion as moot and lifted the stay; the order to transfer remained in place (*id*., Dkt. Nos. 82-83).

Plaintiff appealed the court's order of dismissal, its transfer order, and its order denying her second motion to alter or amend the judgment to the First Circuit (*id*., Dkt. No. 85).  The First Circuit concluded that Plaintiff had not met her burden of showing that it had jurisdiction to hear the appeal, but instead of dismissing the appeal, it *sua sponte* entered an order transferring it to the Federal Circuit (*id*., Dkt. No. 91).  A panel of the Federal Circuit held that it had jurisdiction over Plaintiff's appeal, rejected the parties' position that the district court had jurisdiction over Plaintiff's official capacity EPA claim and the CFC did not as foreclosed by the prior panel decisions of the Federal Circuit decisions in *Abbey* and *Metzinger*, and it affirmed the transfer (*id*., Dkt. No. at 7).

The government then moved to dismiss Plaintiff's official-capacity EPA claim in the CFC pursuant to 28 U.S.C. § 1500, which provides that the CFC lacks subject matter jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents.  *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 310-11

---

[1] The *Metzinger* court rejected the positions advocated by the plaintiff and the government that the district court had jurisdiction over the plaintiff's claims in light of *United States v. Bormes*, 568 U.S. 2 (2012), in which the Court held that because the Fair Credit Reporting Act ("FCRA"), which also imposes liability on the government, contains its own remedial scheme, that scheme displaces a Tucker Act remedy.  The *Metzinger* court found *Bormes* distinguishable because the FCRA precisely defines the appropriate forum, while the FLSA does not.  *Metzinger*, 20 F.4th at 783-84.  To the contrary, the FLSA implicitly specifies the Tucker Act forum.  *Id*. at 784-85.

(2011). Recently, the CFC granted the government's motion, finding all three prerequisites for application of 28 U.S.C. § 1500 to have been met, and, thus, that it was without subject-matter jurisdiction to hear the claim. *See Stein v. United States*, No. 23-1598, 2024 WL 4831941 (Ct. Cl. Nov. 20, 2024).[2]

## II. LEGAL STANDARD

After the defendant has filed a responsive pleading, a plaintiff must have the permission of the court or consent of the opposing party to amend a complaint. *Stier v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "The default rule mandates that leave to amend is to be 'freely given when justice so requires,'" *id*. (quoting Fed. R. Civ. P. 15(a)), "unless the amendment 'would be futile, or reward, *inter alia*, undue or intended delay.'" *Id*. (quoting *Resolution Tr. Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)). "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). To survive a motion to dismiss, a "complaint must contain enough factual material to raise a right to relief above the speculative level ... and state a facially plausible legal claim," *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 780 (1st Cir. 2014) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)), "accept[ing] as true all well-pleaded facts in the

---

[2] In summary, the court found that Plaintiff's non-transferred individual-capacity EPA claim and MEPA claims from the original district court proceeding were against defendants acting under the authority of the United States (i.e., Mr. Collins in his individual and official capacities as a federal employee), the claims were considered "pending" under binding Federal Circuit law at the time the official-capacity EPA claim was transferred to the CFC, and the claims involved the same operative facts.

complaint and draw[ing] all reasonable inferences in the pleader's favor." *Id.* (citing *Tasker v. DHL Ret. Sav. Plan*, 621 F.3d 34, 38 (1st Cir. 2010)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    DISCUSSION

A. <u>Equal Pay Act Claim</u>

In Count II of her proposed amended complaint, Plaintiff seeks to add a claim under the EPA alleging that, between the years 2016 and 2021, she was paid $266,945 and $126,242 less than two male comparators respectively and, between the years 2019 and 2021, she was paid $25,754 less than a third male comparator (Dkt. No. 20-1 at pp. 55-56).  The government initially argued that Plaintiff's motion should be denied as to her EPA claim because this court lacks jurisdiction to entertain the claim or because the "law of the case" doctrine precludes Plaintiff from relitigating her EPA claim, which this court already dismissed in the earlier proceeding.  However, after the CFC granted the United States' motion to dismiss Plaintiff's EPA claim for lack of subject matter jurisdiction under 28 U.S.C. § 1500, the government filed a notice "clarify[ing]" its position (Dkt. No. 42).  The government indicated that, while it is of the view that district courts have subject matter jurisdiction over EPA claims, every court to have considered the issue has held that subject matter over a plaintiff's EPA claims rests with the CFC, including courts considering Plaintiff's EPA claim (Dkt. No. 42 at pp. 2-3).  Therefore, the government explained, its position is not that this court should deny Plaintiff's motion because it lacks jurisdiction over Plaintiff's EPA claim, but rather that this court should deny Plaintiff's motion because "other courts have held that Plaintiff must bring her claims in the [CFC]" (Dkt. No. 42 at 3).

The court declines to grant Plaintiff leave to amend her complaint to add an EPA claim accepting the government's position but substituting the appropriate nomenclature. "[I]t is well-settled that '[t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues.'" *American Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932). This means that "[d]ismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question." *Muñiz Cortés v. Intermedics, Inc.*, 229 F.3d 12, 14 (1st Cir. 2000) (citations omitted); *see also, Walsh v. Int'l Longshoremen's Ass'n, AFL-CIO*, 630 F.2d 864, 870 (1st Cir. 1980) (same). "[A]lthough a determination of lack of subject-matter jurisdiction is not a decision 'on the merits' of a plaintiff's substantive claims, it is indeed a decision on the merits of the jurisdictional question, which bars a plaintiff from relitigating the same." *Coors Brewing Co. v. Méndez-Torres*, No. CV 06-2150 (DRD), 2007 WL 9711971, at *12 (D.P.R. Sept. 30, 2007) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Although dismissal of a complaint for lack of jurisdiction does not adjudicate the merit [sic] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.")).

Another session of this court dismissed Plaintiff's earlier official-capacity EPA claim against the government finding that it did not have subject matter jurisdiction over that claim and lacked the power to hear it. Plaintiff's frustration with the circuitous procedural history and ultimate dismissal of her official-capacity EPA claim is understandable. Nonetheless, the jurisdiction of this court has been decided adversely to Plaintiff and she cannot relitigate the issue of subject matter by filing an amended complaint stating the same claim. That Plaintiff has broadened the years for which she seeks to recover and added an additional comparator who was

not included in the earlier action has no bearing on the issue of subject matter jurisdiction. Thus, Plaintiff's motion to amend her complaint to add an EPA claim when another session of this court previously found that this court lacks subject-matter jurisdiction over this claim is denied as futile. *See D'Agostino v. ev3, Inc.*, 845 F.3d 1, 6 n.3 (1st Cir. 2016) ("[A] futility finding could also mean that the proposed complaint would require dismissal for … lack of subject-matter jurisdiction under Rule 12(b)(1).").

    B. <u>Rehabilitation Act Claim</u>

In Count IV of her proposed amended complaint, Plaintiff seeks to add a Rehabilitation Act ("RA"), 29 U.S.C. § 794, claim alleging that the VA unlawfully discriminated against her on the basis of disability. "To put forth a prima facie discrimination claim, [Plaintiff] must show that (1) 'she was disabled within the meaning of the statute;' (2) 'she was qualified to perform the essential functions of the job, either with or without a reasonable accommodation;' and (3) 'the employer took adverse action against her because of the disability.'" *Serrano-Colon v. United States Dep't of Homeland Sec.*, 121 F.4th 259, 277 (1st Cir. 2024) (quoting *Ríos–Jiménez v. Principi*, 520 F.3d 31, 41 (1st Cir. 2008)). To put forth a *prima facie* failure to accommodate claim, "[Plaintiff] must prove the first two of the above three elements while also establishing that her employer, 'despite knowing about [her] disability, did not acquiesce to [her] request for a reasonable accommodation.'" *Id*. at 277-78 (quoting *Ríos–Jiménez*, 520 F.3d 3at 40)).

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102 (1). A "major life activity," in turn, is defined as including, but not being limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning,

8

reading, concentrating, thinking, communicating, and working." *Id*. at § 12102 (2). Courts construe the definition of disability in favor of broad coverage. *Connolly v. Woburn Pub. Schs.*, 659 F. Supp. 3d 92, 110-111 (D. Mass. 2023) (discussing the Americans with Disabilities Act) (citing 42 U.S.C. § 12102(4)(A)-(B)). *See also* 29 U.S.C. § 794(d) (providing that the standards for proving a violation of the RA in a complaint alleging employment discrimination are the same as those in Title I of the ADA).

    Defendant argues that Plaintiff's proposed RA claim fails to state a claim because she has not adequately alleged that she suffered from an impairment that substantially limited a major life activity. Plaintiff identifies her impairments as high blood pressure and risk factors for developing complications from COVID-19 infection, as well as "stress-related physical and emotional injury." Defendant assumes for purposes of its motion that the major life activity Plaintiff invokes is working, and argues that, while Plaintiff has alleged that she could not work as a physician's assistant in the VA's sick call clinic where patients were not screened for COVID-19 infection, she undisputedly could work as a physician's assistant in the VA's psychiatric unit where patients were screened for COVID-19. According to the government, this does not qualify because "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job. *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523 (1990) (citing 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.").

    In the court's view, Defendant's reading of Plaintiff's proposed RA claim is too cramped. While it is true that Plaintiff alleges that her medical impairment prevented her from working in the sick call unit but not the psychiatry unit, accepting as true all of the allegations in her

proposed amended complaint and drawing all reasonable inferences in her favor, as this court must at this stage, leads to the conclusion that Plaintiff's impairments as she describes them would have prevented her from working as a physician's assistant in the many healthcare settings where patients were not prescreened for COVID-19, not just in the VA's sick call clinic. Thus, Plaintiff's proposed amended complaint sufficiently alleges that she had one or more qualifying disabilities. *See Connolly*, 659 F. Supp. 3d at 111 (finding that the plaintiff schoolteacher adequately alleged that she suffered from asthma and generalized anxiety disorder that substantially limited her ability to breath, work, and interact with people, "particularly because plaintiff's claim of disability discrimination centers on her ability to teach during the first year of the COVID-19 pandemic"). Accordingly, the court will grant Plaintiff leave to file an amended complaint adding her proposed claim under the RA.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is GRANTED as to her Rehabilitation Act claim and DENIED as to her Equal Pay Act claim. Plaintiff is directed to file an amended complaint adding her Rehabilitation Act claim within 14 days of this order.

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: December 16, 2024