UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLYN M. STEIN,                )
         Plaintiff,                )
                                   )
                                   )
         v.                        )    Civil No. 3:23-cv-30100-KAR
                                   )
                                   )
DOUGLAS A. COLLINS, Secretary    )
U.S. DEPARTMENT OF VETERAN       )
AFFAIRS,                         )
         Defendant.                )

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S
RESPONSES TO RULE 34 DOCUMENT REQUESTS and ANSWERS TO RULE 33
INTERROGATORIES
(Dkt. No. 37)

I.      Introduction

Before the court is plaintiff Kathlyn M. Stein's ("Plaintiff") Motion to Compel

Defendant's Responses to Rule 34 Document Requests and Answers to Rule 33 Interrogatories

("Plaintiff's Motion"). Plaintiff is self-represented. For the reasons set forth below, Plaintiff's

Motion is granted in part and denied in part.

II.      Relevant Background

Plaintiff asserts claims of wage discrimination (Count I) and hostile work environment

(Count III) based on gender, both in violation of Title VII; disability discrimination in violation

of the Rehabilitation Act (Count IV); and retaliation and constructive discharge in violation of

Title VII (Count V) and the Rehabilitation Act (Count VI) (Dkt. No. 48). She served requests for

production of documents on the defendant Secretary of the U.S. Department of Veteran Affairs

("Defendant") on May 19, 2024 (Dkt. No. 38-1 at 5), and interrogatories on September 18, 2024

(Dkt. No. 38-3 at 4). Defendant served his responses to Plaintiff's document production requests

on September 3, 2024 (Dkt. No. 38-2 at 5), and, with leave of court (Dkt. No. 36), his answers to

Plaintiff's interrogatories on October 30, 2024 (Dkt. No. 38-4 at 7).  Plaintiff's Motion seeks

supplementation as to each of her document production requests and interrogatories and further

requests that the court rule that Defendant's failure to provide discovery responses that Plaintiff

deems adequate gives rise to an adverse inference that "the requested information reflects

unfavorably on the Defendant;" that the court "[c]onsider … the matters to which the requested

information pertains to be established in favor of the Plaintiff;" and that the court "[e]xclude

other evidence offered by the Defendant to conceal the agency's willful refusal to produce the

requested information" (Dkt. No. 38 at 3-4).

    III.   <u>Discussion – Plaintiff's Discovery Requests</u>

       1.  Good Faith Conferral Requirement

          a.  Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1

The court first addresses and rejects Plaintiff's overarching contention that she is entitled

to relief, including discovery of privileged and non-privileged documents and additional

sanctions, because defense counsel failed to confer in good faith in compliance with Fed. R. Civ.

P. 37(a)(1) ("Rule 37(a)(1)") and L.R., D. Mass. 37.1.   The relevant federal rule provides as

follows:

> *In General*.  On notice to other parties and all affected persons, a
> party may move for an order compelling disclosure or discovery.
> The motion must include a certification that the movant has in
> good faith conferred or attempted to confer with the person or
> party failing to make disclosure or discovery in an effort to obtain
> it without court action.

Fed. R. Civ. P. 37(a)(1).

> Local Rule 37.1 elaborates on the certification requirement and
> establishes that, '[b]efore filing any discovery motion,' counsel for
> the moving party must arrange a conference [with counsel for the

> opposing party] in order to attempt in good faith to narrow the
> areas of disagreement.  L.R. 37.1(A).  Only if the parties fail to
> agree, or if the opposing counsel fails to appear at a requested
> discovery conference, can a moving party file a motion to compel.
> *Id.*  If such a motion is filed, it must include a certification that
> L.R. 37.1(A) was complied with, together with a statement of the
> reasons why a discovery conference was not held or was not
> successful.  *Id.*

*Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).[1]  The local rule provides that

discovery conferences "may be conducted over the telephone."  L.R., D. Mass. 37.1(a).

For the following reasons, the court finds that Plaintiff has not shown that Defendant

failed to confer with her in good faith concerning his alleged discovery deficiencies.  First, it has

long been established that Rule 37(a)(1) directs the parties to make a genuine effort to narrow

areas of disagreement concerning a discovery dispute before filing a motion to compel.  *See, e.g.,*

*Hasbro*, 168 F.R.D. at 101; *see also A.J. Amer Agency, Inc. v. Astonish Results, LLC*, C.A. No.

12-351S, 2013 WL 9663951, at *1-2 (D.R.I. Feb. 25, 2013).  The court is not persuaded that

Plaintiff has established that she was genuinely interested in resolving a dispute with the

government before she filed her motion to compel.  At the outset of the parties' exchanges about

the government's discovery responses, the government reasonably requested that Plaintiff

identify with specificity the alleged deficiencies in the government's discovery responses (Dkt.

No. 38-7).  There is no indication that Plaintiff did so, and, indeed, Plaintiff still has not

described those claimed deficiencies with sufficient specificity to this court.  *See Clark v.*

*Berkshire Med. Ctr., Inc.*, Civil Action No. 17-30186-MGM, 2019 WL 78994, at *2 (D. Mass.

Jan. 2, 2019) (commenting critically that it did not appear that the moving party had informed the

opposing party of specific claimed deficiencies in the opposing party's discovery responses

---

[1] By its terms, Local Rule 37.1 applies to cases where the parties involved in a discovery dispute
are represented by counsel.

before filing a motion to compel but resolving the motion in the interests of moving the case forward).

Second, while a conversation about a discovery disagreement in person or over the telephone is preferable in most circumstances, courts have held that "[e]-mail exchanges between [the parties] may suffice to satisfy Rule 37.1 …." *Thuman v. Dembski*, 13-CV-01087A(F), 2022 WL 1197551, at *4 (W.D.N.Y. Apr. 22, 2022) (collecting cases).  The Assistant United States Attorneys ("AUSAs") representing Defendant had a valid reason for concern about the representations Plaintiff might make regarding their oral communications.  Plaintiff alleges that the AUSAs assigned to this case filed a bad faith opposition to her motion to amend her complaint to ensure that her Equal Pay Claim would not be considered on its merits (Dkt. No. 38 at 2).  She informed the AUSAs that she would not attend a deposition at the U.S. Attorney's Office because she "continue[d] to be troubled that DOJ seems much more interested in helping defendant VA lawbreakers violate Title VII than in fulfilling DOJ's affirmative duty to enforce Title VII" (Dkt. No. 38 at 5), and she moved for sanctions under Fed. R. Civ. P. 11 against AUSA Piemonte on the grounds that AUSA Piemonte had "willfully misrepresented and contradicted her U.S. Department of Justice superiors" (Dkt. No. 43 at 1).  Faced with these repeated expressions of hostility based on conduct during litigation, Ms. Piemonte had good reason to be concerned that "engaging in telephonic communications fails to preserve a record upon which the parties and Court . . . may accurately rely in future proceedings in this action …."  *United States v. Ninety-Nine Thousand, Four Hundred Eighty Dollars and No Cents ($99480.00) In U.S. Currency*, No. 06-22966-CIV, 2007 WL 1059564, at *2 (S.D. Fla. Apr. 3, 2007) (addressing a litigant's attempts to engage in *ex parte* oral communications with judicial staff members).

Third, AUSA Piemonte did not refuse to confer with Plaintiff by telephone.  To the contrary, while hesitant for the reason she explained, she indicated her willingness to do so (Dkt. No. 38-9).  Subsequently, according to AUSA Piemonte, when the parties convened a telephonic meeting after being directed to do so by the court to try to narrow the areas of disagreement about discovery, Plaintiff's husband "abruptly ended the conversation" (Dkt. No. 41 at 4).[2]

After a careful review of the communications Plaintiff submitted in support of her motion to compel and Defendant's opposition thereto, the court, in its discretion, does not find that Plaintiff is entitled to relief on the ground that Defendant failed to confer in good faith in response to Plaintiff's complaints about Defendant's discovery responses.  *See Nnodim v. U.S. Bank Tr. Assoc., not in its Individual Capacity But Solely as Trustee for LB-Igloo Series IV Tr.*, No. 22-cv-11125-DJC, 2025 WL 976496, at *5 (D. Mass. Apr. 1, 2025) (exercising the court's discretion to excuse the absence of a certificate that the moving party sought to confer in advance of filing a motion to compel); *Ergas v. Eastpoint Recovery Grp., Inc.*, 20-CV-333Sk(F), 2021 WL 1711321, at *6 (W.D.N.Y. Apr. 30, 2021) (noting that it is within the court's discretion to determine whether the parties have complied with Rule 37(a)(1)'s meet and confer requirement). The history set forth above raises a concern for the court that Plaintiff is focused as much on obtaining some form of sanctions against Defendant as she is in resolving her claimed discovery disputes with Defendant.  *See Los Robles Emergency Physicians Med. Grp. v. Franz*, Case No. 2:23-cv-09487-DSF-MAR, 2024 WL 2106945, at *7 (C.D. Ca. Apr. 4, 2024) (declining to

---

[2] Plaintiff's husband does not and cannot represent Plaintiff in this litigation.  As recently as 2019, he was advised in a prior case he filed in this court that as an individual who is not a lawyer, he "cannot represent people other than him[self]" and that this rule "even bars a non-lawyer parent from representing his or her child."  *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019) (citing *Crippa v. Johnston*, No. 91-1676, 1992 WL 245716, at *1 (1st Cir. 1992)).  Mr. Hootstein's active participation in a telephone conference concerning discovery in his wife's case was in violation of this court's rules.

impose sanctions or costs and fees where, in the court's view "neither party appear[ed] to be approaching communications with each other in good faith, and that both parties ha[d] been more focused on weaponizing Local Rule 37 than on abiding by it"). Having so ruled, the court turns to the merits of Plaintiff's Motion.

> b. General Legal Principles

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …. Information within this scope of discovery need not be admissible in evidence to be discoverable." "[B]ecause discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015) (quoting *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013)). The party seeking information in discovery has the burden of showing its relevance. *See, e.g., Cont'l W. Ins. Co. v. Opechee Constr. Corp.*, Civil No. 15-cv-006-JD, 2016 WL 1642626, at *1 (D.N.H. Apr. 25, 2016) (citing *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005)); *see also Whittingham v. Amherst Coll.*, 164 F.R.D. 124, 127 (D. Mass. 1995); *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984). Conversely, "[w]hen a party resists the production of evidence, it 'bears the burden of establishing lack of relevancy or undue burden.'" *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) (quoting *Sánchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. 24, 27 (D.P.R. 2009)); *see also Cont'l W.*

*Ins. Co.*, 2016 WL 1642626, at *1. When, as in this case, a litigant is representing herself, she is "entitled to some special considerations …. [but] the generosity afforded this status has reasonable limitations …." *Hinkle v. Gentry*, 529 F. Supp. 2d 281, 281 (D. Mass. 2008) (dismissing case due to *pro se* plaintiff's failure to meet his discovery obligations). A party who is self-represented "'must comply with the applicable procedural and substantive rules of law.'" *Aung v. Prettenhoffer*, 544 F. Supp. 3d 173, 188 (D. Mass. 2021) (quoting *Lefebvre v. Comm'r*, 830 F.2d 417, 419 (1st Cir. 1987)). That a party is self-represented does not entitle the party to discovery that would not be available to a represented litigant because, for example, the request was overbroad or called for production of privileged material. Nor is an unrepresented party excused from describing requested documents or information with sufficient specificity such that the opposing party can discern what is being requested and provide reasoned objections and responses.

i. Plaintiff's document production requests 1-3

Plaintiff's document requests 1-3 seek the production of documents that show the total annual compensation of three men – William J. Sullivan ("Sullivan"), Miguel Olmedo ("Olmedo"), and Kevyn Miller ("Miller") – whom Plaintiff has identified as comparators for purposes of her claim under Title VII that she was paid less than these allegedly similarly-situated male employees (Dkt. No. 38-2 at 2-3). Her requests encompass documents showing payments for educational benefits.

Plaintiff's document request number 1 asked that Defendant produce:

> Any and all privileged and non-privileged documents/communications that declare William J. Sullivan's (one of [Plaintiff's] three male comparators) true and accurate total yearly wages paid under two job title headings, educational and non-educational benefits, bonuses, tuitions, fees, vouchers, medical equipment/supplies and/or educational incentives paid or

reimbursed to Mr. Sullivan by defendant VA from 2011-2021 to assist him in obtaining advanced degrees while he worked full-time for the U.S. Department of Veteran Affairs.

Plaintiff's requests for documents concerning annual compensation for Olmedo and Miller were substantially similar (Dkt. No. 38 at 8-10).  Defendant objected to aspects of these requests, including on grounds of ambiguity and to so much of the requests as sought privileged documents, and he stated that his responses to these requests did not denote acceptance of the assertion that Sullivan, Olmedo, or Miller are suitable comparators (Dkt. No. 38 at 9-10).  Defendant's objections are substantially justified both in light of Plaintiff's express request for privileged documents, which are not subject to production absent unusual circumstances not shown here, *see* Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter"), and as to the assumptions incorporated into the requests.  Without waiving and subject to his objections, Defendant "produce[d] pay information for William J. Sullivan from May 10, 2009 through January 3, 2012 . . . [and] … for Kathlyn M. Stein from September 12, 2010 through January 3, 2021; " and "pay information for Miguel Olmedo from August 24, 2014, through January 3, 2021 [and] … for Kathlyn M. Stein from September 12, 2010, through January 3, 2021" (Dkt. No. 38 at 9-10).  Plaintiff's memorandum does not set out Defendant's response to her request for pay information for Miller (Dkt. No. 38 at 10), nor did she attach Defendant's responses to her document production requests to her memorandum.  The court assumes that the government responded to Plaintiff's request for documents concerning the payment of educational benefits to Miller in the same way that it responded to her request for such documents concerning Olmedo.

Plaintiff alleges that the Veteran's Administration ("V.A.") failed to disclose educational benefits paid to Sullivan during her administrative proceedings (Dkt. No. 38-11).  She argues

that "[d]efense Counsel's dodgy concealment of mid-level comparator Sullivan's educational benefits violates Fed. R. Civ. P. 26(b)(1) in that his educational benefits amount to more than $30,000/year from 2011-2017" (Dkt. No. 38 at 9).  She admits that she does not have any information tending to show that either Olmedo or Miller was provided with any educational benefits (Dkt. No. 38 at 9-10).  In his opposition to Plaintiff's Motion, Defendant states that he has not withheld specific documents responsive to Plaintiff's discovery requests (Dkt. No. 41).

Plaintiff would not be entitled to an order from this court for the production of documents on the ground that the documents were withheld during her administrative proceeding as long as those documents were produced by Defendant in the litigation pending in this court.  Based on Defendant's representation, it is possible that he has not withheld any specific documents responsive to Plaintiff's document requests and that he has already produced records of educational benefits for Sullivan, Olmedo, and Miller to the extent such documents exist.  Based on Plaintiff's Motion and Defendant's opposition thereto, however, the court cannot be certain whether this is so.

Relevance is construed broadly for purposes of discovery.  *See, e.g., Green*, 152 F. Supp. 3d at 34.  Records of educational benefits, if any, paid to the three VA employees whom Plaintiff has identified as comparators may be relevant to Plaintiff's claims and Defendant's defenses and must, therefore, be produced to the extent that Defendant has not thus far done so.  To the extent such records do not exist for Sullivan, Olmedo, or Miller, Defendant must so state in a supplemental document production response.  *See* Fed. R. Civ. P. 34(b)(2)(C) (a party responding to a relevant discovery request must state whether any responsive materials are being withheld based on an objection).  To ensure that there is no confusion, however, the court's order that Defendant must produce the records, if any, concerning educational benefits is not a ruling

that information about educational benefits is necessarily probative with respect to Plaintiff's

Title VII equal pay claim. A defendant is entitled to defend an equal pay claim on the basis that

a pay differential is based on a factor other than sex. An educational benefit accessible on a

gender-neutral basis might result in a pay differential based on a factor other than sex, or the

information might not be relevant for a different reason. *Cf., e.g., Murphy v. Ohio State Univ.*,

549 F. App'x 315, 319-20 (6th Cir. 2013) (discussing defenses to Title VII equal pay claims).

ii. Plaintiff's document request 4

Plaintiff's document request 4 asked for the production of:

> Any and all privileged and non-privileged
> documents/communications from or between VACWM EEO
> Officer Elizabeth Huntley-Fields, VACWM General Counsel
> Karen Grogan, Rhonda Gero (Regional Worklife Benefits/HR),
> OEDCA Director Mary Lynn Popiden, VACM Directors John
> Collins, Andrew McMahon and Dwayne Gill concerning Ms. Stein
> and/or relevant to any of her EEO complaints/protected EEO
> activity/lawsuits and/or VACWM's affirmative obligations, under
> Harassment Prevention Policy (Directive 5979) requiring VA
> officials to promptly investigate and remedy Ms. Stein's claims
> before, not after, she suffered irreparable harm.

(Dkt. No. 38 at 10). Defendant objected to the request on the grounds that it was not

comprehensible, was overbroad generally and because it was not temporally limited, sought

documents protected by the attorney-client privilege and work product protection, and was

argumentative. Defendant did not produce responsive documents (Dkt. No. 38 at 11).

Plaintiff's argument in support of compelling Defendant to produce documents in

response to her document request 4 does not identify with specificity the documents sought by

this request, which, as Defendant contends, is not susceptible of a reasoned interpretation. To

the extent Plaintiff is contending that she is entitled to production of every document from the

identified individuals that refers to her and every document that reflects communications among

the identified individuals that refers to her, she has not adequately explained the relevance to her

claims of such a broad request.  Plaintiff's self-represented status does not excuse her from

describing the documents she seeks with reasonable particularity, *see* Fed. R. Civ. P. 34(b)(1),

nor does it excuse her from explaining why the documents she seeks are relevant to her claims.

*See, e.g., Whittingham*, 164 F.R.D. at 127.  Finally, Plaintiff's self-represented status does not

entitle her to production of documents protected by the attorney-client privilege or the work

product doctrine.  Defendant cannot be required to produce a privilege log when the documents

requested are not described with reasonable particularity.  So much of Plaintiff's Motion as seeks

to compel the production of documents in response to her document request 4 is denied.

iii.   Plaintiff's document request 5.

Plaintiff's document request 5 asked for the production of:

> Any and all privileged and non-privileged
> documents/communications from or between VACWM EEO
> Officer Elizabeth Huntley-Fields, VACWM General Counsel
> Karen Grogan, Rhonda Gero (Regional Worklife Benefits/HR),
> OEDCA Director Mary Lynn Popiden, VACM Directors John
> Collins, Andrew McMahon and Dwayne Gill and/or any of
> VACWM's United States attorneys, relevant to the government's
> ongoing attempt to machinate a 'liquidated damages' carve out
> under the Equal Pay Act that defies the will of Congress, with
> deliberate indifference to [Plaintiff's] fundamental constitutional
> right entitling her to a fair, meaningful and timely de novo 'access
> to District Court' decision on her appeal of the government's
> erroneous Final Agency Decision as it relates to all of Ms. Stein's
> claims, including her Equal Pay claim.

(Dkt. No. 38 at 11).  The government interposed the same objections to Plaintiff's document

request 5 that it did to her request 4 and did not provide responsive documents (Dkt. No. 38).

So far as the court is able to determine, Plaintiff's argument in support of her motion to

compel a response to her document request 5 appears to be that AUSAs Piemonte and Morgan

have personal knowledge about the VA's defense of her case and are, therefore, "hostile fact

11

witnesses," who should be compelled to provide Plaintiff copies of all documents reflecting privileged and non-privileged communications they have had with VA employees that are related to the instant case. The AUSAs' communications with V.A. employees for purposes of defending the V.A. as to Plaintiff's claims are protected by attorney-client privilege and the work product doctrine. *See Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981) (holding that communications between an organization's employees and its lawyers for purposes of obtaining legal advice are protected by the attorney-client privilege). Many courts have held that because communications between an organization's employees and its litigation counsel are presumptively privileged when litigation is anticipated or has commenced, counsel are not required to prepare a privilege log to assert the privilege as to such communications. *See, e.g., Colibri Heart Valve LLC v. Medtronic CoreValue LLC*, Case No. 8:20-cv-00847-DOC (JDEx), 2021 WL 6882375, at *3 (C.D. Ca. Dec. 16, 2021) (declining to grant "a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation," and collecting cases denying the same); *see also Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 1435098, at *3-4 (N.D. Ill. Apr. 3, 2024) (same, and collecting additional cases). This court agrees. Plaintiff is not entitled to production of documents showing communications between AUSA Piemonte or AUSA Morgan and V.A. employees concerning the instant case, nor are the AUSAs required to undertake the unduly burdensome and likely fruitless task of preparing a privilege log listing and describing such documents. *See Rayome*, 2024 WL 1435098, at *4. Further, Defendant's objections to this request as impermissibly vague and argumentative are well taken. Plaintiff's Motion is denied as to Plaintiff's document request 5.

iv.  Plaintiff's interrogatory 1.

Plaintiff's interrogatory 1, in summary, asks Defendant to identify and provide contact information for persons likely to have information relevant to her harassment and hostile work environment claims, describe the nature of the information the person is believed to possess or summarize the contents of any statement the person has provided, and indicate whether Defendant intends to call the person as a witness at trial (Dkt. No. 38).  Instead of providing a list of such persons and summarizing the knowledge Defendant believes them to possess, Defendant referred Plaintiff to his initial disclosures and all documents provided therewith (Dkt. No. 38 at 12).

> Under Fed. R. Civ. P. 33(d), "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, … and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'

> A party seeking to rely on Rule 33(d) must satisfy four criteria: (1) it must affirm that the information sought by the requesting party is in fact in the specified records; (2) it must specify the actual documents where information will be found; (3) it must show that answering the interrogatory in the conventional manner would impose a burden on it; and (4) it must show that the burden of deriving the answer from the specified records will be substantially the same for both parties.

*United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctr., Inc.*, 332 F.R.D. 1, 6 (D. Mass. 2019).  An initial disclosure, which is signed by an attorney, is not a substitute for an answer to an interrogatory, which is attested to by an opposing party.  *See Fairweather v. Friendly's Ice Cream, LLC*, No. 2:13-cv-00111-JAW, 2015 WL 348033, at *3 (D. Mass. Jan. 23, 2015) (noting that there is a crucial difference between an interrogatory answer and an initial disclosure).

To the extent Defendant seeks to rely on his initial disclosures to identify persons having knowledge relevant to Plaintiff's harassment and hostile work environment claims, initial disclosures are not a substitute for an interrogatory answer. In addition to the fact that initial disclosures are unattested, a party is only required to identify individuals who are likely to have knowledge relevant to the disclosing party's defenses. The interrogatory extends beyond those individuals who may support Defendant's defenses. To the extent Defendant relies on Rule 33(d), he has not shown a burden justifying reliance on documents in responding to a limited and straightforward interrogatory, nor has he specified the actual documents in his production that he deems sufficient to provide an answer to the interrogatory. Defendant must answer Plaintiff's interrogatory 1 in the format in which he answered Plaintiff's interrogatory 2.

v.   Plaintiff's Interrogatory 2

Plaintiff's interrogatory 2 asks Defendant to identify individuals with discoverable knowledge Defendant might use to support his defenses and to summarize the knowledge Defendant believes these individuals possess (Dkt. No. 38 at 13). Defendant answered this interrogatory by identifying nine individuals and summarizing their relevant knowledge. It appears that Plaintiff objects to Defendant's answer because Defendant has identified some individuals with whom Plaintiff "never had any VA employment involvement" (Dkt. No. 38). She contends that it follows that these individuals cannot possess personal knowledge related to her claims and thus the V.A. is not entitled to identify them as potential witnesses. Plaintiff is wrong. Defendant is entitled to defend against Plaintiff's unequal pay claims by relying on information from individuals with knowledge of VA pay policies and job duties who did not interact with Plaintiff. *See Suzuki v. Abiomed, Inc.*, 943 F.3d 555, 565 (1st Cir. 2019) (holding that the argument that the executive who signed an organization's interrogatory answers lacked

personal knowledge of their contents "falls well short of creating a genuine dispute of material fact" because the executive answered the interrogatories on behalf of the organization "using information available within the company"). Plaintiff has not pointed to any authority that supports her position, and there is authority to the contrary. Plaintiff's objection to Defendant's response to Plaintiff's interrogatory 2 is baseless.

vi.   Plaintiff's Interrogatory 3.

Plaintiff's interrogatory 3 asked Defendant, in summary, to identify other VA employees who filed complaints of discrimination, harassment, or hostile work environment from 2015 through 2024, against Dr. Seth Kupferschmid, VACWM Director Collins, or VACWM Director Gill (Dkt. No. 38 at 14). Defendant did not object to responding to this interrogatory, stating that it was compiling the information and would produce responsive, non-privileged information within 14 days (Dkt. No. 38 at 14-15). This aspect of Plaintiff's Motion is denied without prejudice. To the extent Defendant has not provided responsive non-privileged information by the date of this order, Plaintiff may file a renewed motion to compel limited to her interrogatory 3.

vii.   Plaintiff's Interrogatory 4

Plaintiff's interrogatory 4 asks Defendant to identify whether Dr. Kupferschmid or VA Directors Collins or Gill were parties to any lawsuit related to their work for employers other than the V.A. from 2014-2024. Defendant objected that this interrogatory as overly broad and unduly burdensome, seeking information that is not relevant or proportional to the needs of the case, and otherwise not within the scope of Fed. R. Civ. P. 26. Defendant is required to produce relevant, nonprivileged information in the V.A.'s, possession, custody, or control. Control generally is defined as having the legal right or ability to obtain the information from another

15

source on demand. *See Tyler v. Suffolk Cty.*, 256 F.R.D. 34, 37 (D. Mass. 2009). The V.A. does not have possession, custody, or control of information about lawsuits brought against individuals when they were not employed by the V.A., nor does it have the right to demand information from its current or former employees about lawsuits that were brought against them before or after their employment with the V.A. *See Rain v. Conn. Gen. Corp.*, Civil Case No. 3:17-30115-MGM, Civil Case No. 3:18-30070-MGM, 2023 WL 3679065, at *2 (D, Mass. Jan. 31, 2023). Furthermore, even if this information was within the control of the V.A., Plaintiff has not established the relevance of such information to her claims. So much of Plaintiff's Motion as seeks to compel an answer to interrogatory 4 is denied.

viii.   Plaintiff's Interrogatory 5

Plaintiff's interrogatory 5 requests that Defendant "explain and/or identify Defendant's affirmative defense and provide supporting documents to refute Plaintiff's allegations/evidence that shows the agency is concealing yearly educational payments paid to or on behalf of former VACWM <u>nurse</u> Williams J. Sullivan (one of [Plaintiff's] 3 male comparators) for the purpose of obtaining <u>his advanced nurse practitioner degree</u>" (Dkt. No. 38 at 15). In response, Defendant denied that he was concealing yearly educational payments to Sullivan and denied that Sullivan was a suitable comparator (Dkt. No. 38 at 16). Plaintiff is not entitled to a further response to the part of her interrogatory 5 concerning her allegation that Defendant tried to conceal educational payments to Sullivan beyond Defendant's denial of this contention, which is a complete, non-evasive response to this portion of interrogatory 5. The interrogatory does not ask Defendant to explain the basis of its denial that Sullivan is a suitable comparator for purposes of Plaintiff's Title VII equal pay claim.

16

Plaintiff's interrogatory 5 does not clearly ask Defendant to state the basis of any contention he might make about the relevance of educational benefits to an equal pay claim. To the extent Plaintiff's interrogatory 5 could be interpreted as asking Defendant to state the basis for a contention about such a defense, Defendant objected to answering what it characterized as a contention interrogatory before discovery was completed (Dkt. No. 38 at 15). "Contention interrogatories ask a party to state its contentions, to provide the factual basis for a claim, or to explain how the law applies to a factual basis." *In re New England Compounding Pharmacy, Inc. Prods. Liability Litig.*, MDL No. 13-2419-RWZ, 2015 WL 13715291, at *5 (D. Mass. Sept. 8, 2025). Contention interrogatories, which may ask that a party state the factual basis for a defense, are a permissible form of discovery. *Id.* Fed. R. Civ. P. 33 provides, as to such interrogatories, that "the court may order that a contention interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Non-expert discovery closed on January 31, 2025 (Dkt. No. 36). To the extent Defendant asserts a legal defense to so much of Plaintiff's equal pay claim as is premised on the payment of educational benefits to Sullivan, Defendant should answer this interrogatory at this time. *See In re New England Compounding Pharmacy, Inc.*, 2015 WL 13715291, at *5.

### ix.  Plaintiff's Interrogatory 6

Plaintiff's interrogatory 6 asked Defendant to "explain, identify and provide supporting documents pertaining to [Plaintiff's] male midlevel comparators William J. Sullivan's and Miguel Olmedo's 2022 and 2023 yearly grades, steps, promotions, full yearly salaries, benefits and bonuses that are relevant to Ms. Stein's retaliation/constructive discharge claim and the parties' comparative salaries" (Dkt. No. 38 at 16). Defendant's response to this interrogatory is, inexplicably, identical to his response to Plaintiff's Interrogatory 5 (Dkt. No. 38-4 at 5-6). It is

not readily apparent that employee grades, steps, promotions, salaries, benefits, or bonuses are relevant to Plaintiff's claims of retaliation or constructive discharge. Nonetheless, because Defendant's answer to this interrogatory appears wholly non-responsive, Defendant is directed to answer the interrogatory to the best of his ability.

x.   Plaintiff's Interrogatory 7

Plaintiff's interrogatory 7 asked Defendant to identify each individual other than counsel who assisted with or participated in preparing Defendant's answers to Plaintiff's interrogatories. Defendant objected to the extent the interrogatory asked for information protected by the attorney client privilege or the work product doctrine but answered that HR Specialist ER/LR Christopher Willis, the individual who signed the answers electronically, represented that the answers were true and correct based on information known collectively to the V.A. (Dkt. No. 38 at 17). Plaintiff appears to object that Mr. Willis could not properly sign the answers to interrogatories because he lacked personal knowledge as to some or all of their contents. Plaintiff ignores that Fed. R. Civ. P. 33(b)(1)(B) provides that, if the answering party is a governmental agency, the interrogatories are to be answered by "any officer or agent, who must furnish the information available to the party." Mr. Willis was required to "furnish the information available" to the VA. He was not limited to attesting to the accuracy of information known to him personally. *See Suzuki*, 943 F.3d at 565.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion is granted as to Plaintiff's document requests 1-3 to the extent Defendant has not produced documents related to educational benefits if any, paid to the three individuals Plaintiff claims as comparators and granted as to Plaintiff's interrogatories 1, 5, and 6 to the extent set forth in this Memorandum and Order. Plaintiff's

Motion is otherwise denied.  The court awards no fees or costs to either party, nor will the court

enter any of the sanctions proposed by Plaintiff against Defendant.

It is so ordered.

Dated: April 30, 2025                    <u>Katherine A. Robertson</u>
                                         KATHERINE A. ROBERTSON
                                         U.S. MAGISTRATE JUDGE